Richardson, J.
dissenting. The only important question, in this case, is, whether there was any legal consideration, to support the written assumption of Fort, to pay the note of Groner; and, thereby, render his assumption binding in law, according to the statute of frauds. Groner had requested Fort to pay the note to Pope; whereupon, Fort took possession of the note, which was payable to bearer ; Fort then made his written assumption, upon a copy of the note. What was the consideration; whether the note was assigned, by the delivery to Fort, or was placed in his hands, as an indemnification only 1 Still, Fort either accepted it as, and for a guaranty, or as assignee by the delivery. In either case, it was a security for his assumption and, therefore, a valuable consideration. If he took the note as his own, he was fully paid for his assumption. If he took it as a bailee, he then held a pledge for *64 his indemnity from loss. Fdrt could, not lose, in any event* For lie undertook to pay the note, only in case he received Groner’s money.. But he chose, for greater security, to hold the note, while, at the same time, Groner was precluded, by Fort’s assumption, from all claim to his money. Here were, then, two considerations for Fort’s assumption; the deposit of the note, payable to bearer; and Groner’s preclusion, from his right to the money, by his own authority. Thus Fort stood secured, and counter-secured. And either was enough; if we are to regard the doctrine, so well laid down in Eggart vs. Barnshire, in 3 McCord’s, Reports, 163, and so fully reconsidered in the case of Filer & Givens. To show how small a consideration is required to support an express moral contract, and to prevent good faith being broken, for want of it, see the cases collected in note “A,” in the appendix to 3d McCord’s Reports. In the case of Duncan vs. Gadsden, Harper, 364, the written assumption on Ogden’s note, was this; “the within amount, I promise to pay, when in funds, for Robert Ogden; the period not to exceed 6 months.” But the funds were not proved, and the case failed. But, suppose the funds had been received, then, would not the consideration have been good; or must the consideration be, always, in'presentid In such cases, I apprehend, that the consideration is money expected; which, when realized, by the receipt, verifies the consideration; which was before, (like the assumption itself,) executory and conditional only. It is like the acceptance of a bill, if the funds of the drawer should come to hand, which is a binding contract, only, if the funds come. Here, tbe consideration is executory, not in presentí, yet good in law. But, without urging the doctrine so far; I ask, if Groner could have recovered the money of Fort, after Fort had assumed to pay it, at Gro-ner’s request, to Pope; and, also, held Groner’s note, payable to bearer, for the very amounts He could not. Then, was not Fort equally bound to pay it to Pope 1 He certainly could not, legally, keep it for himself. Substantially, Fort had the conditional release of Groner for the money, had fulfilled the condition, by his express assumption to Pope. But, he prudently took the note, for perfect safety sake. How these facts can be construed into no considera *65 tion for liis assumption, I cannot perceive. It seems to me, that the statute was fulfilled to its letter ; and the rule of the common law, against “nuda pacta” to its reason and spirit. In the case just decided, of Moore vs. Denson, Ballard placed in the hands of Hemphill, the note of Denson, to counter-secure Colclough, for his assumption, to pay Ballard’s debt to the bank. Now if Colclough, upon this security, to pay Ballard’s debt to the bank, was not bound so to pay, then the assignment of Denson’s note to him was a nudum pactum and void, and our decision is erroneous. But, suppose Colclough had afterwards actually received the money of Denson, and had chosen to pay it over to Ballard, instead of the bank, how could that have lessened his liability to the bank % This was what Fort did;' he received the money, realized the consideration of his promise to Pope, and chose to pay the money over to Groner, instead of Pope. But, was not both he and Colclough in the common situation of a surety, who undertakes, in writing, to pay the debt of a third party, after being indemnified. Or of a broker, who lends his name for a premium, or upon counter-security being first placed in his own hands. But the proper way to adjudge the case, would be to take it at the moment before Fort paid the money to Groner, and ask, to which of the parties would the Court have assigned it, under the statute of frauds, which so wisely requires an assumption in writ-ting, in all such cases, and under the common law, which, as wisely, requires some consideration, .or good cause for the assumption, to be either expressed or proved rl The rest of the case is not very important, but I would save it from any estoppel in law, which would go to fix a principle for other cases.
J. S. RICHARDSON.